GRAND RIVER GRAVEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23085.   Promulgated April 8, 1931.

*E. M. Connor, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner claims an additional allowance for depletion based on a discovery value of $49,326.60. We have heretofore decided, in *Parker Gravel Co.*, 21 B. T. A. 51, that a gravel pit or deposit is not a " mine " within the meaning of that word as used in section 204 (c) (1) of the Revenue Act of 1926, and may not be the subject matter of a deduction for depletion based on discovery value. Upon authority of our decision in that proceeding the deduction claimed must be disallowed.

Furthermore, the petitioner has failed to establish either that it discovered the gravel deposit or the value at date of discovery or within 30 days thereafter, which facts are essential to an allowance for depletion based on discovery value. *Evangeline Gravel Co.*, 13 B. T. A. 101, and *Melville G. Thompson*, 10 B. T. A. 25.

The evidence does not establish that the petitioner acquired its lease on the gravel deposit without cost, an issue raised affirmatively by the respondent at the close of the hearing. His motion to increase the deficiency by disallowing any deduction for depletion will, therefore, be denied.

In its income tax return for the taxable year petitioner deducted the amount of $5,819.33 for depreciation of its plant and equipment which figure is based on a useful life of five years. Upon audit of such return the respondent determined that the property had a useful life of fifteen years and recomputed the deduction on that basis.

In view of our findings above that the life of petitioner's plant and operating equipment was practically coextensive with the life of the gravel deposit, we are of the opinion that deduction for depreciation should be computed on a unit-of-production basis as follows: Divide original cost of $27,457.77, plus cost of additions in the amount of $2,062.42, averaged for six months, less salvage value of $2,500, by the estimated reserve of 463,536 tons and multiply by the 73,491 tons of gravel recovered during the taxable year. Cf. *Kehota Mining Co.*, 3 B. T. A. 885; *Kehota Mining Co.* v. *Heiner*, 28 Fed. (2d) 995; affd., 30 Fed. (2d) 817; certiorari denied, 279 U. S. 864.

*Decision will be entered under Rule 50.*