THE VOGUE SILK HOSIERY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51107, 64632. Promulgated November 23, 1932.

*George J. Edwards, Jr., Esq.*, and *Hiram B. Calkins, Esq.*, for the petitioner.

*Arthur Carnduff, Esq.*, for the respondent.

## OPINION.

LANSDON: The respondent had determined to the extent of $20,000 the salaries paid to officers of the petitioner in the year 1928. The amount of such disallowance represents stock issued to such officers as bonuses, in addition to cash paid for the services of Samuel Tait, John Tait and Ernest Tither, in the amounts of $17,709.25, $6,776.14 and $14,269.59, respectively. In addition to such amounts the petitioner paid a cash salary to Walter Tither, who became an officer and stockholder to the extent of 100 shares on May 1, 1928, in the amount of $10,438.28. On the record we are of the opinion that the cash salaries paid the officers of the petitioner in 1928 were reasonable compensation for services rendered.

The distribution of stock of the par value of $20,000 to Samuel Tait, John Tait and Ernest Tither, as an alleged bonus or additional salary, was in exact proportion to their respective holdings. Petitioners contend that the purpose of such allocation of the stock bonus was to preserve the relative original shareholdings of the officers. This is not a proper measure of the value of services, which must be based in work done rather than interest in the business. In *Twin City Tile & Marble Co.*, 6 B. T. A. 1238; affd., 32 Fed. (2d) 229, this Board said:

The value of services of an individual is not dependent upon the amount of stock owned. The value of services and the amount of stock owned have no necessary relationship to each other. The measure used in determining the increases in this case was stock ownership, regardless of the fact that certain stockholders may have been entitled to a greater or lesser amount if the

value of their services were solely considered. In order to be compensation for services, the value of the services must measure the amount and not stock ownership. Conceding for the sake of argument that the services of individuals in this case were fairly worth the amounts they received, this fact alone is not sufficient to constitute the amounts compensation. They must have been intended and paid as such.

The rule in the opinion above cited has been followed in substance by the Board and the Federal courts in many subsequent decisions. *C. S. Ferry & Son, Inc.*, 18 B. T. A. 1261; *Gould-Mersereau Co.*, 21 B. T. A. 1316; and *Marble & Shattuck Chair Co.*, 13 B. T. A. 657; affd., 39 Fed. (2d) 393. In conformity with the evidence and the above cited authorities, the determination of the respondent on this issue is affirmed.

As its second cause of action the petitioner contends that it has been allowed insufficient depreciation on the legging machines in each of the taxable years. Under the provisions of section 23 (a) of the Revenue Act of 1928, taxpayers are entitled to " a reasonable allowance for exhaustion, wear and tear for property used in trade or business." To determine such reasonable allowance it is necessary to know the cost of such property, the useful life and the salvage value at the termination of usefulness. In the *Hailey-Ola Coal Co.*, 24 B. T. A. 895, we said:

In this record there is no evidence whatever as to the remaining *useful life* or the *salvage value* of petitioner's depreciable assets, *which are necessary elements* for a computation of deductions for depreciation on either a unit-of-production basis or by the straight method. *Kehota Mining Co.*, 3 B. T. A. 885; *Grand River Gravel Co.*, 22 B. T. A. 1124. The respondent's determination must be approved. *Bishoff* v. *Commissioner*, 27 Fed. (2d) 91; *Rouse* v. *Bowers*, 30 Fed. (2d) 628; certiorari denied 49 Sup. Ct. 348; *Reich* v. *Heiner*, 25 Fed. (2d) 453; *Atlanta Casket Co.* v. *Rose*, 22 Fed. (2d) 800. [Italics supplied.]

In the instant proceeding there is no controversy over the cost of the machines involved in the question of depreciation. The petitioner contends that the useful life of such equipment is not more than three and one-third years and asks for an allowance from income on that basis. The evidence in support of this contention is not convincing. The record discloses that at the date of the hearing the oldest of these machines had been in service almost exactly five years and was still in use. No evidence was adduced to show at what date its use would no longer be profitable to its owner. Officers of the petitioner testified that in their opinion none of the machines had a fair market value in excess of $2,000 at the close of the last taxable year here involved. If this was intended to establish salvage values at the termination of useful life, it falls far short of that purpose, since the record discloses that all of such machines were in regular use at least three years subsequent to such date. In our opinion salvage value is an element that appears only when property

can no longer be used profitably in a trade or business and has no relation whatever to the market value of a secondhand machine still in profitable use by its owner, which is the situation here.

If the testimony as to market value of the legging machines involved was adduced for the purpose of proving actual depreciation determined by a survey of the property in question, in our opinion it also fails for that purpose. It is no more than the opinion of stockholders of the petitioner which is not supported by sufficient evidence to indicate that one-third of the value of each such machine was exhausted each year. Here again is the fact that at the date of the hearing one of the machines had been in use for five years and all the others in excess of three years. The very fact that the claimed depreciation is in round numbers and is exactly the same for each of the years involved justifies our conclusion that the rate claimed by petitioner is not based on actual valuation of the machinery ascertained by expert physical survey. Nor is there any evidence that petitioner has consistently used the actual valuation method in determining the additions to depreciation reserve on its own books. We think, therefore, that the evidence here does not bring the question within the rule applied in *Cleveland Home Brewing Co.*, 1 B. T. A. 87, and other proceedings relied on by the petitioner. We think the petitioner has failed to prove either the useful life or the salvage value of the property here involved and therefore has not overcome the presumption that the determination of the respondent is correct. We are also of the opinion that the respondent has failed to show cause for any increase in the deficiency as requested in his motion duly made at the hearing.

*Decision will be entered for the respondent.*