Philomena T. Petrossi v. Commissioner. Anna L. Petrossi v. Commissioner.
Petrossi v. Commissioner
Docket Nos. 2552-67 and 2553-67.[1]
United States Tax Court
T.C. Memo 1970-45; 1970 Tax Ct. Memo LEXIS 319; 29 T.C.M. (CCH) 196; T.C.M. (RIA) 70045; February 17, 1970, Filed Philomena T. Petrossi and Anna L. Petrossi, pro se, 251 Simpson Rd., Rochester, N. Y. John E. White, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined deficiencies in petitioners' income tax and additions thereto pursuant to section 6653(a) [2]
*320 for the following years: Docket No.
Taxable Year
Petitioner
Deficiency
Additions to Tax
2553-67
1961
Anna L. Petrossi
$ 981.81
$49.09
1962
1,276.79
63.84
1963
1,143.37
57.17
1964
1,340.03
67.00
2552-67
1962
Philomena T. Petrossi
363.89
18.19
1963
150.08
33.71
1964
728.68
36.43 Certain issues have been settled by the parties. Those remaining for our determination are as follows: Docket No. 2552-67 Philomena T. Petrossi Issue 1 (A) Whether Philomena T. Petrossi (hereinafter Philomena), for the taxable year 1962, is entitled to claim her brothers, John and Mario, as dependents under the provisions of sections 151(e)(1)(A) and 152(a)(3). (B) Whether Philomena, under the above sections, is entitled to claim her brother John as a dependent for the taxable years 1963 and 1964. Issue 2 (A) Whether Philomena purchased a mechanical shovel during 1962 at a cost of $1,500. (B) If (A) is answered in the affirmative, whether the shovel was used in a trade or business, or held for the production of income. (C) If (B) is answered in the affirmative, whether Philomena is entitled to take a depreciaion deduction *321 (attributable to the shovel) of $750 for each of the taxable years 1962 and 1963. [3]
Issue 3 (A) Whether certain equipment purchased by Philomena during 1964 was, during that year, used in a trade or business or held for the production of income. (B) If (A) is answered in the affirmative, whether the depreciation deductions taken in connection with such equipment, during 1964, were proper. Issue 4 (A) Whether, during the years 1962 through 1964, property located on Route 96 was used in a trade or business or held for the production of income. (B) If (A) is answered in the affirmative, whether Philomena is entitled to take a depreciation deduction (attributable to such property) of $1,800 for each of the years 1962 through 1964. Issue 5 (A) Whether the deduction of $135 which appears on Schedule C of Philomena's 1964 return as a materials and supplies *322 expenditure (or the deduction of $252.27 for same sought by Philomena in her amended petition) reflects expenditures actually incurred during that year. (B) If the answer to (A) is in the affirmative, whether such expenditures were incurred either in carrying on a trade or business or for the production of income. 198 Issue 6 Whether respondent erred in determining penalties under section 6653(a) for each of the years 1962 through 1964. Docket No. 2553-67 Anna L. Petrossi Issue 1 Should Anna L. Petrossi (hereinafter Anna) be allowed depreciation deductions for the years 1961 through 1964 on a parcel of real property located at 1405 Hudson Avenue, Rochester, N. Y. (hereinafter the Hudson Avenue property)? Issue 2 Whether Anna incurred the following expenses in connection with the Hudson Avnue property so as to permit deductions during the years 1961-1964 for same: 1961
1962
1963
1964
Material and supplies
$890.00
$406
$175
$125
Commission
154.50
156
156
156
Labor
-0-
-0-
400
195
Issue 3 (A) Whether a power shovel purchased by Anna during 1964 for $15,000 was, during that year, used in a trade or business or held *323 for the production of income. (B) If (A) is answered in the affirmative, whether depreciation and expense deductions of $3,000 and $125, respectively, were properly taken during 1964. Issue 4 Whether respondent erred in determining penalties under section 6653(a) for each of the years 1961-1964. Findings of Fact Generally Some of the facts have been stipulated by the parties. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Philomena and Anna are sisters. Both resided in Rochester, N. Y., at the time the petition herein was filed. Philomena filed her Federal income tax returns for each of the taxable years 1962 through 1964 with the district director of internal revenue, Buffalo, N. Y. Anna filed her returns for the years 1961 through 1964 in the same manner. Opinion Generally As will be seen, this is yet another case where petitioners, notwithstanding the burden of proof imposed on them, have chosen to represent themselves under circumstances where a reasonable appraisal of the situation would seem to dictate the need for competent tax counsel. Commonly, such action results in a poorly presented *324 case and a disjointed record. This case is no exception. Accordingly, to undo some of the damage, the numerous overlapping issues presented herein will be treated as if factually divorced from one another. I. Philomena Issue 1: Dependency deductions Findings of Fact During 1962, Philomena's two brothers, John and Mario, resided with their mother and Philomena at 251 Simpson Road, Rochester. John also lived there during the years 1963 and 1964. Opinion In order to prevail under sections 151(e)(1)(A) [4] and 152(a)(3) [5] petitioner must establish (a) the amount of total support provided her brothers for each of the years in issue (as compared to her personal contribution), and (b) the level of their earnings for each of these years. However, the record is devoid of any evidence bearing upon these statutory prerequisites. Accordingly, since petitioner has not, to our satisfaction, satisfied her burden of proof, we find for the respondent. *325 199 Issue 2: Shovel allegedly purchased during 1962 Findings of Fact A ledger sheet introduced into evidence by Philomena bears the following entry: Feb. 1962 purchased Osgood shovel from Mr. Vic Dorn for $1500.00 cash Opinion In her brief (erroneously captioned Memorandum) there appears the following statement at page 2: "The petitioner, PHILOMENA, decided in 1962 to enter into the general construction business and the sales, service, buying and rentals of construction equipment." The alleged purchase of the shovel in question is supported only by a naked entry on a ledger sheet. No effort was made to establish the reliability of this entry. Without such a foundation and in the absence of other evidence (such as canceled checks or the seller's testimony) the ledger entry constitutes no more than a self-serving declaration. We think more than this is required for purposes of establishing the cost basis of this item of equipment. Cf. H. W. Wahlert, 17 T.C. 655, 666 (1951). We, therefore, hold for the respondent on this question. Moreover, since petitioner has failed to establish a cost basis for the property, we need not consider the supplemental issues *326 of whether, for purposes of depreciation, the shovel was used in a trade or business, or held for the production of income. See Vogue Silk Hosiery Co., 27 B.T.A. 131, 134 (1932). Issue 3: Equipment purchased during 1964 Findings of Fact During the taxable year 1964 Philomena acquired the following equipment from Asphaltic Enterprises, Inc.: Type of Equipment
Date Acquired
Cost
Loader
June 1964
$3,000
Rollers
May 1964
1,400
Conveyors
January 1964
4,500
Asphaltic Enterprises, Inc., was during 1964, controlled by petitioner's brother, Mario. In November 1964, Philomena acquired two wagon drills for the sum of $307. Her brother Mario acted as her agent in procuring the drills. On Schedule C of her return for the year 1964, Philomena claimed depreciation deductions for this equipment in the following amounts: Item
Cost
Acq. Date
Method
Rate
Depreciation
Loader
$3,000
6-64
S/L *
2 Yrs.
$1,500.00
Wagon Drills
307
11-64
S/L
3 Yrs.
102.33
Rollers
1,400
5-64
S/L
2 Yrs.
700.00
Conveyors
4,500
1-64
S/L
3 Yrs. 1,500.00
Total
$3,802.23
Gross *327 receipts or gross sales, as reported on Schedule C, equaled $75. In opposition to the depreciation deductions sought by petitioner on the equipment purchased directly from Asphaltic Enterprises, Inc., respondent, in pertinent part, makes the following argument: The record is silent as to why either PHILOMENA or ANNA [6] purchased the construction equipment from Asphaltic Enterprises, Inc., a corporation controlled by their brother, Mario. Neither of the petitioners testified in regard to the use made of the construction equipment during the year 1964. No explanation was given as to the source of the gross receipts reported by PHILOMENA and ANNA ($75 and $100) on Schedule C of their income tax returns * * * for the taxable year 1964. There is no indication, whatsoever, as to what the petitioners did with the construction equipment in years subsequent to 1964. (1) No documents were introduced into evidence by either PHILOMENA or ANNA which show that the construction equipment owned by them was used in any trade or business or was held out for lease to others or was otherwise held for the production of income. [Footnote 6 ours; footnote (1) (theirs) omitted.] *328 In any event, [the] respondent contends that neither petitioner is entitled to claim depreciation on the construction equipment since they have failed to submit any evidence which shows when such construction equipment was placed in service. * * * We are in agreement with respondent, and so hold. We are similarly disposed with 200 regard to the November purchase in which petitioner's brother, Mario, acted as agent. Issue 4: Property located on Route 96 Findings of Fact A ledger sheet introduced into evidence by Philomena and captioned "96 Building - 1962" contains the following entries: Land cost
$ 1,800.00
Survey and Maps
120.00
Grading
250.00
Digging footings
200.00
Concrete for footings and labor
560.00
Blocks
500.00
Lentils 16 X 4
64.00
Mortar for blocks - Sand and mortar - Cement and Labor
200.00
8 windows @ $60.00 ea
480.00
1 extra window in bathroom
5.00
2 Doors and Frames and Labor
200.00
Glass and Glazing
125.00
Concrete floor
1,400.00
Gravel for base and grading for same
310.00
Lumber and Labor
1,800.00
Roof shingles installed
325.00
Well
250.00
Toilets and sinks and piping
400.00
Plumbing
200.00
Electricity
250.00
Partition and Labor
400.00
Gutters
50.00
Vent
25.00
Painting and Labor
200.00
Liner along sides
25.00
Labor on blocks and Supervision 800.00 $10,939.00
Misc. Bldg. cost 453.58 $11,392.58
*329 The number "96" which appears in the caption represents the route number on which property owned by Philomena is situated. Opinion Petitioner contends that a structure which was erected by her on the Route 96 property during 1962 should have been depreciated at a rate of $1,800 per year for five years. Aside from the ledger sheet reproduced above, petitioner submitted no other evidence in substantiation of the cost figures reflected therein; nor are we able to glean from the record any indication of the purpose to which the structure was put. As such, we cannot conclude that petitioner has met her burden with regard to the depreciation of this structure. We, therefore, hold for respondent. Issue 5: Deduction for cost of materials and supplies - 1964 Findings of Fact Schedule C of Philomena's tax return for 1964 contains a deduction for "Material and supplies" in the amount of $135. In denying the total loss from business claimed by Philomena on Schedule C of her 1964 return, respondent implicitly disallowed the deductibility of this item. Opinion No evidence [7] in support of the "Materials and supplies" deduction has been offered by petitioner. Since it is incumbent *330 upon her to establish the actual incurrence of an expenditure as well as the propriety of its deduction, failure to do so requires that we find for respondent. Issue 6: Additions to tax under section 6653(a) Findings of Fact The additions to tax determined by respondent have been recited at an earlier point. Opinion None of the pleadings filed by Anna or Philomena with the Court make any reference to the additions to the tax which have been asserted by the respondent pursuant *331 to the provisions of section 6653(a) of the Code. Accordingly, respondent urges that both petitioners should be deemed either to have conceded or abandoned this issue and that respondent's determination with respect thereto should be sustained. We agree with respondent. Petitioner has the burden of proving that respondent's imposition of a negligence penalty was erroneous. David Courtney, 28 T.C. 658, 669 (1957). Therefore, in the absence of any evidence rebutting the presumptive correctness of the addition to tax, we must hold that respondent's determination was not erroneous. See Percy S. Winfield, an unreported case (C.A. 7, 201 1967, 19 A.F.T.R. 2d 627), affirming a Memorandum Opinion of this Court, certiorari denied 389 U.S. 851 (1967); James W. England, Jr., 34 T.C. 617, 623 (1960). II. Anna Issue 1: Hudson Avenue Property Findings of Fact Paragraph 4 of Anna's amended petition (erroneously captioned "AMENDED ANSWER") contains, in pertinent part, the following allegations: 4. Petitioner erroneously reported income from the rental of real property located at 1405 Hudson Avenue, Rochester, New York. This income *332 was reported on the tax returns of Asphaltic Enterprises Inc. and Petro Industries Inc. The lessee, Acme Auto Collision paid the petitioner, through her agent, Irma T. Petrossi, the following amounts of rent for the taxable years 1961 through 1964. Also * * * depreciation on said buildings: Taxable year
Rental Income Received by Petitioner
Depreciation
1961
2830.00
7000.00
1962
3120.00
7000.00
1963
3120.00
7000.00
1964
3120.00[ sic] 7000.00
The Hudson Avenue property is composed of two lots designated lot 8 and lot 9. A garage building is located on each lot. These garage facilities were rented to Acme Auto Collision, Inc., during the years in question. On December 18, 1939, Anna acquired lot 9 from her mother, Elisa Petrossi. On September 13, 1944, Anna transferred title to the property to Anthony D'Urbano of 817 Fern Street, Yeardon, Pa. No consideration was received by Anna. The transfer was alleged to have been made as security for a loan. By a will dated May 3, 1959, Anthony D'Urbano devised the property to Lewis J. and Ida Mitrano, Lewis P. Mitrano, and Elisa Petrossi. Anthony D'Urbano died in May 1959. By a deed dated June 20, 1960, the *333 above-mentioned devisees transferred lot 9 to Anna for a consideration of $1. By a deed dated February 13, 1954, Anna acquired title to lot 8 from Arthur Lau of 176 Hermitage Road, Rochester, N. Y.
Ledger sheets introduced into evidence by Anna and captioned "Lot 8 Hudson Ave. Garage" and "Lot 9 - Hudson Ave." contain entries which, in the aggregate, allege a cost basis for each lot and the building thereon as follows: Lot 8
Lot 9
Land value
$ 13,500.30
$13,000
Building 128,775.00
56,128
Total
$142,275.30
$69.128
Opinion Petitioner's returns for 1961 and 1964 made no mention of the Hudson Avenue property. However, having conceded that she is accountable for the rent yielded by this property, petitioner now asserts on brief that she is entitled to a depreciation deduction for each year in the amount of $7,000. To qualify for a straight-line depreciation deduction, petitioner has the burden of proving (a) her basis in the property, (b) its useful life, and (c) salvage value. Vogue Silk Hosiery Co., supra. This, in our estimation, she has failed to do. In support of the cost basis claimed for lot 8, petitioner has introduced *334 a ledger sheet and no more. Without a proper foundation establishing when the ledger entries were made and to whom the amounts shown therein were paid, we find ourselves hard pressed to accept this self-serving evidence in lieu of more persuasive evidence such as receipts, invoices, canceled checks or construction contracts. The same rationale applies to the cost basis claimed for lot 9. Moreover, in light of Anna's assertion that she originally purchased lot 9 from her mother for $63,000, her (Anna's) unexplained failure to call her mother as a witness suggests that had her mother testified, such testimony would have been harmful to the position taken by Anna. Cf. Wichita Terminal Elevator Co., 6 T.C. 1158 (1946), affd. 162 F. 2d 513 (C.A. 10, 1947), and Max Cohen, 9 T.C. 1156 (1947), affd. 176 F. 2d 394 (C.A. 10, 1949). Nor did petitioner offer any documentation, such as a deed or bill of sale, to support her claim. Accordingly, we hold for respondent. Though we recognize that the result we have reached above is a draconic one, we again can do no more than lament the fact that petitioner was "pound foolish" in not placing *335 the trial of this issue in the hands of an attorney. Unfortunately for petitioner, the sypmpathy of the Court under such circumstances is of little consequence when 202 offset by a record almost totally bereft of competent evidentiary matter. Issue 2: Expenses - Hudson Avenue Property Findings of Fact During the years 1961 through 1963, Asphaltic Enterprises Inc. (hereinafter Asphaltic) was owned by petitioner's brother, Mario Petrossi. During these years, Asphaltic performed various services for Anna with regard to the Hudson Avenue property. Petro Industries, Inc. (hereinafter Petro) performed similar services during the year 1964. At the time of trial, Petro was owned by the petitioners. Formerly, it had been presided over by petitioner's brother Mario. Opinion Once again we are confronted with a purely factual question, and once again the burden of proof rests with petitioner. The evidence produced in support of the deductions sought by petitioner consisted of several typewritten invoices bearing Asphaltic or Petro headings and containing itemizations of the claimed expenditures. In addition, testimony was offered by John Petrossi regarding the need for and recurring *336 nature of the expenditures described in the invoices. Though we are not fully at ease with the probative quality of this evidence, we do feel, on our best judgment, that the incurrence of the claimed expenditures by petitioner is both reasonable and believable. Accordingly, we hold for petitioner on this issue. Issue 3: Power Shovel Purchased During 1964 Findings of Fact In May 1964, Anna purchased a power shovel (backhoe) for the sum of $15,000. On Schedule C of her tax return for 1964, Anna sought a depreciation deduction attributable to this piece of equipment in the amount of $3,000. This amount was based upon a useful life of five years. She also sought a "Materials and supplies" deduction of $125 for expenses allegedly incurred in connection with the shovel. Opinion Our resolution of the depreciation facet of this issue is controlled by the rationale applied to the depreciation deductions on equipment sought by Philomena (issue 3, under "Philomena"). The deduction for "Materials and supplies" expense is also denied for want of proof. Accordingly, we hold for respondent. Issue 4: Additions to Tax Under Section 6653(a) The additions to tax determmed by respondent *337 have been recited at an earlier point. Since petitioner has not contested respondent's determination, it is deemed to have been conceded by petitioner. (See issue 6, under "Philomena.") To reflect the conclusions reached herein and to reconcile various deductions for medical and dental expense with these conclusions, Decision will be entered for the respondent in Docket No. 2552-67. Decision will be entered under Rule 50 in Docket No. 2553-67. *
Footnotes
1. Cases of petitioners Philomena T. Petrossi (Docket No. 2552-67) and Anna L. Petrossi (Docket No. 2553-67) are consolidated herewith.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
3. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, or (2) of property held for the production of income.↩
4. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600 * * * ↩
5. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): * * * (3) A brother, sister, stepbrother, or stepsister of the taxpayer,↩
*. S/L = straight line.↩
6. See issue 3, under the heading Anna, infra.↩
7. The following statement appears in petitioner's brief but is not supported by any evidence in the record: That in the review of her 1964 federal income tax return with Appellate Conferee Mr. Edward H. Conway and Mr. John White, Attorney, the petitioner, PHILOMENA, found that in Schedule C that there was an error on materials and supplies purchased by her. That when the bills were totalled the amount was supposed to be $252.27 instead of $135.00 as reported by petitioner. The petitioner, PHILOMENA, submitted these bills to Mr. Edward H. Conway and Mr. John White, for checking during the conference and the total amount was checked by both parties and photostats made by the respondent. * * *↩
*. By Official Tax Court Order, dated 3-9-70 and signed by Judge Irwin, the Decision order was amended to read as above. - CCH.↩